**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leticia GONZALEZ, Defendant–Appellant.**

**No. 00–50283.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001*

Filed Aug. 22, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

868

R.App. P. 34(a)(2).

Emily S. Uhrig, Deputy Public Defender, Los Angeles, California, for defendant-appellant Leticia Gonzalez.

Joseph Zwicker, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee the United States of America.

Before: HAWKINS, TASHIMA, and GOULD, Circuit Judges.

PER CURIAM:

Leticia Gonzalez appeals the 24–month sentence imposed following her guilty-plea conviction for one count of passing and possessing counterfeit currency, in violation of 18 U.S.C. § 472. Gonzalez contends that she did not know that the individual she used to commit the offense was a minor, so her sentence should not have been enhanced under U.S.S.G. § 3B1.4 (use of a minor). She further contends that the district court engaged in impermissible double-counting by applying enhancements for both use of a minor and aggravated role. See U.S.S.G. §§ 3B1.4, 3B1.1(c) (1998). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the judgment of the district court.

*Facts*

Gonzalez passed $5,100 in counterfeit currency to her landlord for past-due rent. Gonzalez previously had agreed with a seventeen year-old male that, after she gave the counterfeit currency to her landlord, he would steal it back. By chance, officers observed the juvenile stealing the landlord's purse, which contained the counterfeit money. After police discovered that the currency was counterfeit, Gonzalez was indicted. This prosecution ensued, and Gonzalez pleaded guilty to passing counterfeit currency, in violation of 18 U.S.C. § 472.

Over Gonzalez's objections to the presentence report, the district court applied a two-level enhancement for use of a minor, U.S.S.G. § 3B1.4, and a two-level enhancement for recruiting another person-the minor-in the criminal activity of recovering the counterfeit money from the landlord. See U.S.S.G. § 3B1.1(c).

*Analysis*

I. *3B1.4 Enhancement for use of a minor*

Gonzalez contends that the district court erred by not requiring the government to prove that she knew that the individual she used was a minor before applying the enhancement under U.S.S.G. § 3B1.4 (1998). We review the district court's interpretation and application of the Sentencing Guidelines de novo. See *United States v. Butler*, 92 F.3d 960, 961 (9th Cir.1996). This court applies the rules of statutory construction when interpreting the guidelines. See *United States v. Fellows*, 157 F.3d 1197, 1200 (9th Cir. 1998). If the language of a guideline is unambiguous, its plain meaning controls. See *id.*

Section 3B1.4 provides: "If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels." On its face, the guideline does not contain a scienter requirement.

Although Gonzalez concedes the absence of an express scienter requirement, she argues that the court must impute a mens rea requirement under well-established rules of criminal jurisprudence. The cases Gonzalez relies on for this proposition involved statutes defining criminal offenses, not sentencing guidelines or enhancements, in concluding that proof of mens rea is required for a conviction. *See, e.g., Staples v. United States,* 511 U.S. 600, 605, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (interpreting 26 U.S.C. § 5861(d)); *Liparota v. United States,* 471 U.S. 419, 426, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) (interpreting 7 U.S.C. § 2024(b)(1)); *Morissette v. United States,* 342 U.S. 246, 250–51, 72 S.Ct. 240, 96 L.Ed. 288 (1952) (interpreting 18 U.S.C. § 641). Focused as they are on conviction rather than sentencing, these cases do not impute mens rea to the Sentencing Guidelines.

We reject Gonzalez's argument that the mens rea requirement for criminal offenses generally should be applied to the Sentencing Guidelines. Indeed, we have recently clarified that "[s]entencing factors ... are not separate criminal offenses and as such are not normally required to carry their own mens rea requirements." *United States v. Lavender,* 224 F.3d 939, 941 (9th Cir.2000) (rejecting argument that section 2B3.1(b)(2)(E) implicitly requires a mens rea of intent), *cert. denied,* 531 U.S. 1098, 121 S.Ct. 828, 148 L.Ed.2d 711 (2001).[1]

We decline Gonzalez's invitation to read a scienter requirement into section 3B1.4 because the plain language of the guideline does not require that a defendant have knowledge that the individual is under eighteen years of age for the enhancement to apply. *See Fellows,* 157 F.3d at 1200.

■ Gonzalez further contends that the absence of a scienter requirement in section 3B1.4 would violate due process. This contention fails. The application of section 3B1.4 to Gonzalez did not alter the maximum penalty, negate the presumption of innocence, relieve the government's burden of proving the underlying offense, or create a separate offense calling for a separate penalty. *See McMillan v. Pennsylvania,* 477 U.S. 79, 87–88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (setting out the factors to consider in determining whether a sentencing enhancement violates due process); *United States v. Goodell,* 990 F.2d 497, 499–500 (9th Cir.1993) (applying *McMillan* factors to Sentencing Guidelines enhancement).

■ We conclude that the district court did not err by failing to impute a mens rea requirement into section 3B1.4. *See Lavender,* 224 F.3d at 941. We agree with the Eleventh Circuit's reasoning in *United States v. McClain,* 252 F.3d 1279, 1285 (11th Cir.2001), rejecting the argument that a defendant have knowledge of the individual's status as a minor in order for section 3B1.4 to apply.

## II. Double-counting

■ Gonzalez also contends that application of the enhancements under sec-

---

1. We recognize that in an earlier case, *United States v. Goodell,* 990 F.2d 497, 498–99 (9th Cir.1993), this court applied the criminal mens rea analysis to a guideline. *Goodell* did so, however, without any discussion of a distinction between criminal statutes and guideline enhancements. *See id.*

tion 3B1.4 (use of a minor) and U.S.S.G. § 3B1.1(c) (leader or organizer) constituted impermissible double counting. We disagree. Impermissible double counting occurs if a "guideline provision is used to increase punishment on account of a kind of harm already fully accounted for, though not when the same course of conduct results in two different types of harm or wrongs at two different times." *See United States v. Calozza,* 125 F.3d 687, 691 (9th Cir.1997).[2]

We conclude that the district court did not engage in impermissible double counting, because each enhancement accounted for a different type of harm caused by Gonzalez's conduct. *See United States v. Parker,* 136 F.3d 653, 654 (9th Cir.1998) (per curiam) (concluding that double counting is permissible where more than one type of harm is caused by the defendant's conduct); *United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993). Involving others in criminal wrongdoing is harmful without reference to the age of the individuals. *See* U.S.S.G. § 3B1.1(c). Similarly, use of a minor is harmful whether or not the defendant's role in the offense is that of a leader or organizer. *See* U.S.S.G. § 3B1.4.

 Finally, we reject Gonzalez's contention that section 3B1.4 is a lesser included offense of section 3B1.1. The harm caused by the use of the minor is not fully accounted for by application of section 3B1.1(c), and, thus, section 3B1.4 is not a lesser included offense of section 3B1.1(c). *See Reese,* 2 F.3d at 895–96 (outlining analysis for lesser included offenses under the Guidelines); *see also United States v. Snider,* 976 F.2d 1249, 1252 (9th Cir.1992).

We conclude that the district court did not err by applying the enhancements under sections 3B1.4 and 3B1.1(c). Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**

---

2. We reject Gonzalez's argument that the government must prove both distinct conduct *and* separate harm in order to avoid impermissible double counting because the case she relies on is distinguishable. *See United States v. Hernandez–Sandoval,* 211 F.3d 1115, 1117 (9th Cir.2000) (concluding that separate conduct must be shown to give enhancement under U.S.S.G. § 3C1.2, comment. (n.1)). In contrast, neither section 3B1.1 nor 3B1.4 contains language limiting its application to separate conduct.