[NOT FOR PUBLICATION – NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2400

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIAM MOTT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Lynch and Lipez, Circuit Judges,
and Doumar, Senior District Judge.*

Edward C. Roy, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Margaret E. Curran, United States Attorney, and Gerard B.
Sullivan, Assistant United States Attorney, were on brief, for
appellee.

---

*Of the Eastern District of Virginia, sitting by
designation.

October 1, 2001

**PER CURIAM.** William Mott pled guilty to conspiracy to distribute cocaine base and aiding and abetting others to do the same. 21 U.S.C. § 841(a)(1) (1994); 18 U.S.C. § 2 (1994). Mott appeals the decision of the District Court in its application of the sentencing guidelines, arguing that the Court erred when it: 1) established the amount of drugs constituting relevant conduct; 2) increased Mott's base offense level for use of a minor; and 3) denied Mott's motion for a downward departure. For the reasons that follow, Mott's sentence is affirmed.

Mott allowed various drug dealers to use his apartment to sell drugs while he was accepting drugs in payment. This was how he obtained his drugs as he was an addict. One of these dealers was a 17-year-old boy named Benjamin Wilson, who was arrested inside Mott's apartment; Mott claims that he did not know Wilson was a minor. Upon arresting Mott and Wilson, the police found 9.46 grams of cocaine base under a chair occupied by Wilson. Mott claims that these drugs should not have been utilized to determine his sentence for conspiracy to distribute because they were intended for his own personal use.

Mott's presentence report calculated his sentence as follows: Mott received a base offense level of 28 based on the amount

of crack cocaine involved in both his offense conduct and his relevant conduct. Mott's offense level was then increased by two because he allowed a juvenile to sell cocaine base from his apartment. See U.S.S.G. § 2D1.1(c)(6). Mott then received a three-level decrease for acceptance of responsibility, see U.S.S.G. § 3E1.1(b), a two-level decrease for his minor role in the offense, see U.S.S.G. § 3B1.2(b), and a two-level safety valve reduction. See U.S.S.G. § 5C1.2. Thus, Mott's total adjusted offense level was 23, and, with a criminal history category of I, Mott's guideline range of imprisonment was 46 to 57 months. The Court ultimately sentenced Mott to 46 months. Mott appeals his sentence.

On appeal, challenges to a district court's factual findings in connection with sentencing hearings are reviewed for clear error. United States v. Santos-Batista, 239 F.3d 16, 21 (1st Cir. 2001). A district court must include in its drug weight calculations the drugs involved in any uncharged transaction that was "part of the same course of conduct or common scheme or plan" as the charged conduct. U.S.S.G. § 1B1.3(a)(2). Moreover, in the case of "jointly undertaken criminal activity," such as in the instant case, the defendant is responsible at sentencing for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly

-4-

undertaken criminal activity . . . that occurred during the commission of the offense of conviction." Id. § 1B1.3(1)(B). The district court employs the "preponderance of the evidence" standard in making its drug quantity and relevant conduct findings. Santos-Batista, 239 F.3d at 21.

The undisputed facts establish that, as part of the conspiracy to sell cocaine base from Mott's apartment, Mott allowed Wilson and other dealers to use his apartment in return for free cocaine base. The parties also agree that, shortly before the search, Wilson made a sale of cocaine base from Mott's apartment, as charged in Count 7 of the indictment, to which Mott pled guilty. The district judge rejected, as a factual matter, the argument that the cocaine under Wilson's chair was not for sale, but was for Mott's personal use. Thus, the cocaine seized from beneath Wilson's chair in Mott's apartment was properly attributable to Mott, for purposes of sentencing, as part of the underlying distribution conspiracy, and the district court did not commit clear error in making this factual determination.

Mott next argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 3B1.4 upon making a factual determination that Mott involved a minor in the commission of his offense. Mott first contends that he was

-5-

unaware of Wilson's age; second, he says that he did not "use or attempt to use a minor." Again, the district court's decision in that regard is reviewed for clear error. <u>Santos-Batista</u>, 239 F.3d at 21.

The provision at issue states: "If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase [the base offense level] by 2 levels." U.S.S.G. § 3B1.4. As to the first point, Mott's contention that he did not know Wilson was a minor is irrelevant. There is no scienter element in this guideline, and no Court has seen fit to read one in. <u>See</u> <u>United States v. Gonzalez</u>, 2001 WL 946335, *2 (9th Cir. 2001); <u>United States v. McClain</u>, 252 F.3d 1279, 1285 (11th Cir. 2001). As to the second point, the First Circuit has held that an enhancement under § 3B1.4 may be based on the relevant conduct principle that defendants are responsible for the foreseeable acts of their co-conspirators. <u>United States</u> v. <u>Patrick</u>, 248 F.3d 11, 26-28 (1st Cir. 2001) (holding that a defendant head of a drug conspiracy who did not personally employ minors in the conspiracy was nonetheless responsible for the reasonably foreseeable employment of minors by his co-conspirators). It follows that under §1B1.3 of the sentencing guidelines, Mott

is liable for his unindicted co-conspirators' foreseeable actions to use the minor Wilson for the drug sales which form the basis of the conspiracy. There was an adequate evidentiary basis for the trial judge to conclude that the use of Wilson was foreseeable to Mott. Mott was aware that Wilson was selling drugs from the apartment and agreed to it.

Finally, Mott claims that the district court should have granted his motion for a downward departure on the basis that 1) he was addicted to cocaine base at the time of the offenses; 2) he was victimized by higher-level drug dealers; 3) his offense conduct constituted "aberrant behavior" because he had previously been law-abiding; and 4) he suffered from extraordinary physical, mental, and emotional conditions due to his cocaine addiction. Mott contends that the district court therefore abused its discretion by denying his motion, and that the district court improperly believed that it lacked the authority to grant the downward departure motion.

It is well settled that "[a] district court's discretionary refusal to depart downward is unreviewable unless the court believed it lacked the authority to do so." Patrick, 248 F.3d at 28. A defendant must show more than an arguable ambiguity in a district court's ruling denying a downward departure motion to establish that the court acted in the belief that it

lacked authority to depart.  <u>United States</u> v. <u>Deleon</u>, 187 F.3d 60, 69 (1st Cir. 1999).

In the present case, Mott does not even point to any ambiguity in the district court's ruling. Nor could he. In the words of the district court at sentencing:

> I don't believe you qualify for a downward departure. You certainly have accepted responsibility, I have no way of knowing how sincere or genuine your acceptance is, but I take you at your word. You've accepted responsibility, and you got credit for that. You had a relatively minor role in these offense [sic], and you got credit for that, too. You have had a good record up until now, but that doesn't entitle you to a downward departure. I don't think your case is sufficiently outside the heartland. It's not sufficiently different from other cases like that that would warrant a downward departure.

> Sentencing Tran. 31-32.

The instant case is indistinguishable from <u>Patrick</u>, where the First Circuit affirmed a district court's denial of a downward departure motion where "the district court, exercising its discretion, found it inappropriate to depart because Patrick had not identified any factors that took his case outside the 'heartland.' " <u>Patrick</u>, 248 F.3d. at 28.

In sum, there is nothing in the district court's explanation for its denial of Mott's downward departure motion that suggests the district court thought or believed it lacked the authority to depart. Consequently, this Court is without authority to review the district court's denial of the

downward departure motion, and Mott's appeal may not be sustained on this basis.

<u>Affirmed.</u>