**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Bernard Edward WARNER,**
**Defendant—Appellant.**

No. 01–30191.

D.C. No. CR–00–00484–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2002.*

Decided Nov. 4, 2002.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Bernard Warner was convicted of one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentenced to forty-one months' imprisonment, three years of supervised release, and a $100 special assessment. He appeals his sentence on the ground that the district court erred in applying the U.S.S.G. § 2K2.1(a)(4)(B)[1] base offense level because the Government did not prove that he was aware of the characteristics of the firearm that brought it within the statutory definition of a machine gun. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We affirm.

Warner argues that the district court erred applying § 2K2.1(a)(4)(B) without requiring the Government to prove scienter pursuant to *United States v. Staples*, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (holding that, in order to prove a 26 U.S.C. § 5861(d) violation, the Government must prove beyond a reasonable doubt that the defendant was aware of the characteristics of the firearm that brought

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), a base offense level of twenty applies if "the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30); and the defendant (i) was a prohibited person

at the time the defendant committed the instant offense; or (ii) is convicted under 18 U.S.C. § 922(d)." The commentary to § 2K2.1 states that a "firearm described in 26 U.S.C. § 5845(a)" includes a machine gun. U.S.S.G. § 2K2.1, commentary at n. 3. A machine gun is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b).

it within the statutory definition of a machine gun). We review the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Gamez*, 301 F.3d 1138, 1146 (9th Cir.2002).

*Staples* is a narrow decision, 511 U.S. at 619, 114 S.Ct. at 1804, that is distinguishable because it involved the elements for establishing a criminal offense, not the requirements for the Sentencing Guidelines. Sentencing factors do not normally have a scienter element because they are not separate criminal offenses. *See United States v. Gonzalez*, 262 F.3d 867, 870 (9th Cir. 2001) (distinguishing *Staples* and holding that there is no implied scienter requirement associated with U.S.S.G. § 3B1.4); *see also United States v. Lavender*, 224 F.3d 939, 941 (9th Cir.2000) (rejecting the argument that U.S.S.G. § 2B3.1(b)(2)(E) has an implied scienter requirement). Therefore, *Staples* does not apply in the instant case and the Government was not required to prove that Warner was aware of the characteristics of the M–14 that brought it within the statutory definition of a machine gun. *Accord United States v. Fry*, 51 F.3d 543, 546 (5th Cir.1995) (declining to apply *Staples* to the determination whether the U.S.S.G. § 2K2.1(a)(3) base offense level applies).

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.