MEMORANDUM ***
Appellant Dion Paul Dominguez (Dominguez) appeals the sentence imposed following his guilty plea for violation of 18 U.S.C. § 922(g) as a felon in possession of a firearm.
1. We review the constitutionality of a sentence de novo. See United States v. Barajas-Avalos, 377 F.3d 1040, 1060 (9th Cir.2004), as amended. The district court committed no error by applying the enhancement provided for in United States Sentencing Guidelines § 2K2.1(b)(4). Application of the “stolen weapon” enhancement does not require proof of mens rea. See United States v. Goodell, 990 F.2d 497, 498-99 (9th Cir.1993); see also United States v. Gonzalez, 262 F.3d 867, 870 *155 (9th Cir.2001) (addressing a similar enhancement for use of a minor in commission of an offense); United States v. Lavender, 224 F.3d 939, 941 (9th Cir.2000) (confirming that no showing of intent to use a dangerous weapon as such is required before applying a “dangerous weapon” enhancement). Contrary to Dominguez’s assertion, nothing in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), lessens the precedential effect of these cases.
2. We review Dominguez’s overall sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors. United States v. Marcial-Santiago, 447 F.3d 715, 717 (9th Cir.2006). The sentence imposed was reasonable. See United States v. Overton, 573 F.3d 679, 700-01 (9th Cir.2009), as amended (affirming a sentence imposed after the district court’s consideration of defendant’s leniency argument and the § 3553(a) factors.).
3. We review the district court’s denial of a subpoena request pursuant to Federal Rule of Criminal Procedure 17(b) for an abuse of discretion. See United States v. Etimani, 328 F.3d 493, 501 (9th Cir.2003). Any error in denying the subpoena requested by Dominguez was harmless, as it would not have affected the district court’s decision to apply the enhancement. See United States v. Severino, 316 F.3d 939, 948 (9th Cir.2003) (en banc) (applying the harmless error standard).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.