**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10483 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00388-ROS-1 |
| v. | |
| LETICIA RIVAS, AKA Leticia Montano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted December 12, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Leticia Rivas, also known as Leticia Montano, challenges the district court's

application of a six-level sentencing enhancement for smuggling, transporting, or

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

harboring more than 24 aliens. *See* U.S.S.G. § 2L1.1(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government did not need to prove that Rivas knew there were 25 or more unlawful aliens at 6621 West Miami (the "Miami Property") for the district court to impose the sentencing enhancement. The enhancement provides: "If the offense *involved* the smuggling, transporting, or harboring of six or more unlawful aliens, increase as follows . . . ." U.S.S.G. § 2L1.1(b)(2) (emphasis added). This is followed by a chart showing the number of unlawful aliens involved and the corresponding increases in sentence levels. *Id.* An offense involving 25–99 unlawful aliens results in a six-level enhancement. *Id.* § 2L1.1(b)(2)(B). The plain language of the Sentencing Guideline does not require that the defendant have knowledge of the number of aliens involved, and we do not read a scienter requirement into it. *See United States v. Gonzalez*, 262 F.3d 867, 869–70 (9th Cir. 2001) (per curiam).

The district court did not clearly err in finding that there was sufficient evidence linking Rivas to the Miami Property. Rivas pleaded guilty to conspiracy to harbor illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I). Beginning in mid-2008, using her property management company Sol Realty, Rivas leased and directed others working for her to lease houses to

"unqualified" or "illegitimate" renters who did not have valid identification or proof of income. Despite knowing that some of the properties she managed were likely being used for unlawful purposes, Rivas did not take steps to prevent the homes she leased from being used for illegal purposes. Instead, she gave advice to renters to help them avoid having the police called on the homes they rented, but did not occupy. She also gave advice to an undercover agent about how to better hide the illegal aliens she knew he was harboring at a home he rented from Sol Realty. Finally, Rivas was connected to the Miami Property where the illegal aliens giving rise to the enhancement were found; she signed the Miami Property lease. The district court did not clearly err in enhancing Rivas's sentence.

It is of no import that the raid on the Miami Property occurred before the time period for the conspiracy charged in the indictment. For purposes of enhancing a defendant's sentence, a court may consider a defendant's relevant conduct, "largely unrestrained by whether the defendant has been held criminally accountable for such actions." *United States v. Williams*, 217 F.3d 751, 754 (9th Cir. 2000).

**AFFIRMED.**

3