**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MICHELE RODRIGUEZ, AKA
Michelle Rodriguez,

*Defendant - Appellant.*

No. 24-593

D.C. No.
2:22-cr-00522-
SPG-1

OPINION

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Filed December 22, 2025

Before: Consuelo M. Callahan, Roopali H. Desai, and Ana
de Alba, Circuit Judges.

Opinion by Judge Desai

## SUMMARY[*]

### Criminal Law

The panel affirmed a sentence imposed on Michelle Rodriguez, who pled guilty to possession of at least 15 unauthorized access devices under 18 U.S.C. § 1029(a)(3).

Rodriguez argued that the district court erred when it applied a four-level enhancement for possession of two California driver's licenses under U.S.S.G. § 2B1.1(b)(11)(A)(ii), which applies if "the offense involved [] the possession or use of any . . . authentication feature."

The panel held that § 2B1.1(b)(11)(A) applies to the simple possession of an authentication feature and does not require proof of a particular mens rea. Because Rodriguez conceded that she possessed two California driver's licenses and that the driver's licenses bore "authentication features," the district court did not abuse its discretion by applying the enhancement to her sentence.

## COUNSEL

Suria M. Bahadue (argued), Assistant United States Attorney, Deputy Chief, General Crimes Section; Alix L. McKenna, Assistant United States Attorney; Mack E. Jenkins, Assistant United States Attorney, Chief, Criminal Division; E. Martin Estrada, United States Attorney; Office

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of the United States Attorney, United States Department of Justice, Los Angeles, California; for Plaintiff-Appellee.

Kathryn A. Young (argued), Deputy Federal Public Defender; Cuauhtemoc Ortega, Federal Public Defender; Office of the Federal Public Defender; Los Angeles, California; for Defendant-Appellant.

**OPINION**

DESAI, Circuit Judge:

Michelle Rodriguez pled guilty to possession of at least 15 unauthorized access devices under 18 U.S.C. § 1029(a)(3), which makes it a crime to "knowingly and with intent to defraud" possess at least 15 lost, stolen, or fraudulently obtained "card[s], plate[s], code[s], account number[s], . . . or other means of account access that can be used . . . to obtain money, goods, services . . . [or] to initiate a transfer of funds." 18 U.S.C. § 1029(a)(3), (e)(1), (e)(3). The district court sentenced Rodriguez to 20 months' imprisonment and three years of supervised release. Rodriguez appeals her sentence, arguing that the district court erred when it applied a four-level sentence enhancement for possession of two California driver's licenses under section 2B1.1(b)(11)(A)(ii) of the United States Sentencing Guidelines ("the Sentencing Guidelines"). Section 2B1.1(b)(11)(A)(ii) applies if "the offense involved [] the possession or use of any . . . authentication feature." Rodriguez concedes that the driver's licenses contained "authentication features" under the Guidelines, and that police found the driver's licenses in the same bag of stolen

mail containing the bank account and social security numbers. *See* 18 U.S.C. § 1028(d)(1); U.S.S.G. § 2B1.1 cmt. n.10(A). But she claims that the enhancement does not apply because the prosecution did not prove that she had the requisite mens rea—that is, that she *knowingly* possessed the authentication features *with the intent to defraud*.

We hold that section 2B1.1(b)(11)(A)(ii) does not include a mens rea requirement, and thus the district court properly applied the authentication feature enhancement to Rodriguez's sentence. We affirm.

## BACKGROUND

On May 8, 2021, South Pasadena police officers arrested Rodriguez for stealing mail from mailboxes in South Pasadena and La Cañada, California. Early that morning, officers stopped a Ford Escape in which Rodriguez was a passenger. Rodriguez told the officers that the driver was taking her to "get mail." In her backpack, Rodriguez had mail belonging to various South Pasadena and La Cañada residents, and she explained to the officers that she had more mail in a white plastic bag in the car. In total, the backpack and bag contained 140 pieces of mail from 110 victims. This included 19 checks, three of which were blank; 33 pieces of open mail with full bank account numbers; a ledger with five handwritten social security numbers and 24 handwritten account numbers; a printout of names, account information, and passwords; nine credit and debit cards; and two California driver's licenses.

The government charged Rodriguez with three crimes: (1) possession of stolen mail under 18 U.S.C. § 1708; (2) possession of at least 15 unauthorized access devices under 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft under 18 U.S.C. § 1028A(a)(1). In October 2023,

Rodriguez pled guilty to possession of unauthorized access devices, including 26 bank account numbers and five social security numbers issued to persons other than Rodriguez. In exchange, the government agreed to dismiss the other charges. Rodriguez's plea agreement also noted that the bag of stolen mail contained two California driver's licenses.

At sentencing, the Probation Office recommended a Sentencing Guidelines range of 24 to 30 months. The range was based on an offense level of ten and a criminal history category of six. To reach the offense level of ten, the Probation Office began with the base offense level of six. The Probation Office added a two-level enhancement because the offense involved ten or more victims, as established by Rodriguez's plea agreement. U.S.S.G. § 2B1.1(b)(2)(A)(i). The Probation Office next added a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii), which increases the offense level if "the offense involved [] possession or use of any . . . authentication feature." The Probation Office explained that the enhancement was warranted because Rodriguez "possessed two California Driver's Licenses which bore the seal of the State of California." Because the resulting offense level was less than 12, the authentication feature enhancement further increased Rodriguez's offense level to 12.[1] The Probation Office then applied a two-level reduction for acceptance of responsibility.

Rodriguez objected to the application of the authentication feature enhancement. She argued that the enhancement applies only when the defendant knowingly

---

[1] The authentication feature enhancement applies a two-level increase unless the resulting offense level is less than 12, in which case the offense level is increased to 12. U.S.S.G. § 2B1.1(b)(11).

possesses the authentication features with the intent to defraud. And because the prosecution did not show that she was aware the driver's licenses were among the 140 pieces of mail in her backpack and bag, or that she intended to use the driver's licenses to defraud, the prosecution failed to prove the requisite mens rea for the enhancement. Without the authentication feature enhancement, Rodriguez's offense level would have been six, making her Guidelines range 12 to 18 months, rather than 24 to 30 months. The district court overruled Rodriguez's objection and imposed a below-Guidelines sentence of 20 months' imprisonment, followed by three years' supervised release.

## STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines de novo, *United States v. Scott*, 83 F.4th 796, 799 (9th Cir. 2023), its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We may affirm Rodriguez's sentence on any ground supported by the record. *United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006).

## DISCUSSION

Although we have addressed other issues related to the authentication feature enhancement, *see United States v. Barrogo*, 59 F.4th 440, 444–47 (9th Cir. 2023) (addressing whether a PIN number for a food stamp program is an "authentication feature" under U.S.S.G. § 2B1.1(b)(11)(A)(ii)), we have not considered whether the prosecution must show that the defendant possessed the authentication features with a culpable state of mind.

To determine whether the enhancement includes a mens rea requirement, we begin with the text of the Sentencing Guidelines. *United States v. Kirilyuk*, 29 F.4th 1128, 1137 (9th Cir. 2022) (holding that we apply "the ordinary tools of statutory interpretation" when interpreting the Sentencing Guidelines). Unless a guideline provision is ambiguous, the plain meaning of the Guidelines controls. *United States v. Calderon Espinosa*, 569 F.3d 1005, 1007 (9th Cir. 2009).

On its face, section 2B1.1(b)(11)(A) does not include a mens rea requirement. The enhancement increases a defendant's offense level if "the offense involved [] the possession or use of any . . . authentication feature." U.S.S.G. § 2B1.1(b)(11)(A). It does not say that the offense must involve the *knowing* possession of an authentication feature, or that the offense must involve the possession of an authentication feature *with the intent to defraud*. *See id.* The plain text of the enhancement requires only that the offense involve "possession," unqualified by any descriptor of the defendant's state of mind.

Indeed, the absence of any reference to the defendant's state of mind is notable given that Section 2B1.1(b)(10)(C)—the guideline immediately preceding the authentication feature enhancement—includes a mens rea element. Section 2B1.1(b)(10)(C) applies a two-level enhancement if "the offense . . . involved sophisticated means and the defendant *intentionally* engaged in or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C) (emphasis added). When particular language is included in one section of a statute, but omitted in another, we presume that the omission is intentional and give the silence its full meaning. *City & Cnty. of San Francisco v. EPA*, 604 U.S. 334, 344 (2025). As section 2B1.1(b)(10)(C) demonstrates, the Sentencing Commission

is capable of including a scienter requirement in an enhancement provision. When drafting the authentication feature enhancement, the Sentencing Commission chose not to do so. We decline to supersede its decision by reading scienter language into the guideline.

To overcome the plain language of the enhancement, Rodriguez argues that the phrase "offense involved" imputes the elements of the offense of conviction—"knowingly and with the intent to defraud" possessing at least 15 unauthorized access devices—onto the authentication feature enhancement. Rodriguez also argues that the presumption in favor of scienter that generally applies to criminal statutes also applies to the Sentencing Guidelines. Both arguments fail.

First, the phrase "offense involved" does not transfer the elements of the crime of conviction onto the authentication feature enhancement. The Guidelines define "offense" as "the offense of conviction *and* all relevant conduct." *See* U.S.S.G. § 1B1.1 cmt. n.1(I) (emphasis added). And "relevant conduct" includes "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection . . . for that offense." U.S.S.G. § 1B1.3(a)(1). Further, "involved" is an expansive term that "should be defined broadly," *United States v. Soto*, 915 F.3d 675, 678 (9th Cir. 2019), to mean "to relate to or affect," *United States v. Lozoya*, 982 F.3d 648, 653 (9th Cir. 2020) (citation modified). Paired together, "offense involved" is just as broad: it refers to both the offense of conviction and lesser acts that, while related to the crime committed, do not necessarily carry all the elements required to sustain a conviction. *Cf. United States v. Lavender*, 224 F.3d 939, 941

(9th Cir. 2000) ("Sentencing factors . . . are not separate criminal offenses and as such are not normally required to carry their own mens rea requirements."). Thus, "offense involved" does not incorporate the elements of 18 U.S.C. § 1029(a)(3)—or any other crime—into the authentication feature enhancement.

Because the phrase "offense involved" does not transfer the elements of the underlying offense or impose a separate mens rea requirement, we have little difficulty finding that the "offense" in this case "involved . . . the possession or use of any . . . authentication feature." The name on at least one of the driver's licenses found in Rodriguez's possession matched the name on at least one of the access devices—a Capital One card—found in her possession. This is sufficient to determine that the offense of possession of unauthorized access devices involved the possession of an authentication feature.

Second, Rodriguez's argument that the presumption in favor of scienter requires that the prosecution prove she knew of the driver's licenses fares no better. It is true that when a criminal statute omits an express mens rea element, we typically presume that one exists despite the statute's silence. *United States v. Goodell*, 990 F.2d 497, 498–99 (9th Cir. 1993) ("[T]he existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." (quoting *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 436 (1978)). But we have long held that the presumption in favor of scienter does not apply to the Sentencing Guidelines. *See United States v. Gonzalez*, 262 F.3d 867, 870 (9th Cir. 2001) (per curiam). In short, "because the plain language of the guideline does not require that [Rodriguez] have knowledge" of the authentication features, "[w]e decline [her] invitation to read

a scienter requirement into" the authentication feature enhancement. *Id*.

In the end, the plain text of section 2B1.1(b)(11)(A) requires that the offense at issue involved "the possession" of an "authentication feature." Whether Rodriguez knew she possessed the driver's licenses bearing the authentication features or not, the authentication feature enhancement applies.[2]

## CONCLUSION

We hold that section 2B1.1(b)(11)(A) applies to the simple possession of an authentication feature and does not require proof of a particular mens rea. Because Rodriguez concedes that she possessed two California driver's licenses and that the driver's licenses bore "authentication features," the district court did not abuse its discretion by applying the enhancement to her sentence.

**AFFIRMED.**

---

[2] As noted above, the question when applying section 2B1.1(b)(11)(A) is not whether the defendant *knew* about the authentication feature, but whether the offense *involved* the possession of one. If the offense involved the possession of an authentication feature, then that is enough under section 2B1.1(b)(11)(A), regardless of whether the defendant had knowledge of the authentication feature.