**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edmund Miller GOODELL,**
**Defendant–Appellant.**

**No. 92–30265.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1993.

Decided April 5, 1993.

Michael R. Levine, Asst. Federal Public Defender, Portland, OR, for defendant-appellant.

Gary Y. Sussman, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before TANG, POOLE, and RYMER, Circuit Judges.

TANG, Circuit Judge:

Defendant Edmund Miller Goodell appeals from his sentence after pleading guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Specifically, Goodell objects to the two-point sentencing enhancement for possession of a stolen firearm because he had no knowledge that the weapon was stolen. Goodell argues that the enhancement violates due process because punishment traditionally requires *mens rea* and

strict liability in this instance is not rationally related to any government goal. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## DISCUSSION

Goodell's plea agreement specified that one of the weapons Goodell possessed was stolen. The district court applied a two-point enhancement for possession of a stolen weapon pursuant to U.S.S.G. § 2K2.1(b)(2) (1990)[1], which requires an increase "[i]f the firearm was stolen, or had an altered or obliterated serial number." Goodell objected to the enhancement, contending that he did not know the gun was stolen. The government admits that there is no evidence that Goodell knew the gun was stolen.

### I.

█ The plain language of § 2K2.1(b)(2) does not require scienter:

§ 2K2.1(b)(2) does not distinguish between defendants who participate in or are aware of the theft of a firearm and defendants who use stolen firearms. The Guidelines simply provide for an increase when the firearm is stolen. Our court has stated that "[w]e construe the terms in the Sentencing Guidelines using their plain meaning."

*United States v. Peoples,* 904 F.2d 23, 25 (9th Cir.1990) (citation omitted). *See also United States v. Schnell,* 982 F.2d 216, 217 (7th Cir.1992) (enhancement for stolen firearm does not require *mens rea*); *United States v. Mobley,* 956 F.2d 450, 452, 459 (3rd Cir.1992) (same); *United States v. Singleton,* 946 F.2d 23, 27 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992) (same); *United States v. Taylor,* 937 F.2d 676, 682 (D.C.Cir.1991) (same); *United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989) (same).

Although "the existence of a *mens rea* is the rule of, rather than the exception to,

1. Although Goodell was sentenced after November 1, 1991, the district court applied the Guidelines effective on November 1, 1990, to avoid *ex post facto* concerns. After November 1, 1991, the two-point enhancement for a stolen firearm was set forth at § 2K2.1(b)(4) (enhancement "[i]f any firearm was stolen, or had an altered or obliterated serial number.").

the principles of Anglo–American criminal jurisprudence," *United States v. United States Gypsum Co.*, 438 U.S. 422, 436, 98 S.Ct. 2864, 2873, 57 L.Ed.2d 854 (1978) (quotation omitted), and "far more than the simple omission of the appropriate phrase from the statutory definition is necessary to justify dispensing with an intent requirement," *id.* at 437–38, 98 S.Ct. at 2874, legislative history may provide evidence that the omission of scienter is deliberate. *See United States v. United States Dist. Ct. for the Central Dist. of Cal.*, 858 F.2d 534, 538 (9th Cir.1988). The history of the sentencing enhancement for possession of a stolen weapon provides ample support for the conclusion that the omission of scienter was deliberate.[2]

## II.

■ A statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety. *See United States v. Freed*, 401 U.S. 601, 609, 91 S.Ct. 1112, 1118, 28 L.Ed.2d 356 (1971) (statute prohibiting the possession of an unregistered firearm does not require specific intent since it was "a regulatory measure in the interest of the public safety, which may well be premised on the theory that one would hardly be surprised to learn that possession of hand grenades is not an innocent act."). Similarly, Goodell would not be surprised to learn that possession of a firearm, whether stolen or not, is not without penal consequences, given that an ex-felon may not legitimately possess any firearm.[3]

■ The strict liability enhancement for possession of a stolen firearm is rationally related to the legitimate governmental goal of crime prevention: § 2K2.1(b)(2) was promulgated on the premise that "stolen firearms are used disproportionately in the commission of crimes." *Mobley*, 956 F.2d at 454, *citing*, U.S.S.G. § 2K2.1(b)(2), comment. Further, an ex-felon who obtains a stolen firearm is more culpable than one who legally obtains a firearm. *Mobley*, 956 F.2d at 454. *See also Schnell*, 982 F.2d at 221 ("[T]he Sentencing Commission's decision to place upon a felon the burden of inquiring into the condition of any weapon that he unlawfully obtains was not inconsistent with the manifestations of Congressional intent contained in §§ 922(g) or 922(k)."). The omission of a *mens rea* requirement for the stolen gun sentencing enhancement under § 2K2.1(b)(2) does not violate due process.

## III.

■ The scienter issue aside, the sentencing enhancement does not violate the due process standard set forth in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct.

**2.** An earlier version of the guideline for trafficking in weapons provided an increase only "[i]f the defendant knew or had reason to believe that a firearm was stolen or had an altered or obliterated serial number." U.S.S.G. § 2K2.3(b)(2)(C) (1988). In 1989, this section was consolidated with U.S.S.G. § 2K2.2(b)(1), to become U.S.S.G. § 2K2.2(b)(2) (1989) ("If any of the firearms was stolen or had an altered or obliterated serial number, increase by 2 levels."). *See* U.S.S.G.App. C, amendment 189. The omission of the scienter requirement was clearly deliberate. *See Mobley*, 956 F.2d at 452.

Moreover, the provision of scienter in another Guideline section indicates that the omission of scienter in § 2K2.1(b)(2) was deliberate. *See* U.S.S.G. § 2K1.3(b)(2) (Unlawfully Trafficking In, Receiving or Transporting Explosives) (1990) (enhancement only when the "offense involved any explosives that the defendant knew or had reason to believe was stolen."). *Mobley*, 956 F.2d at 452–453.

Additionally, the Sentencing Commission has omitted the "blanket scienter requirement" originally present in § 1B1.3(a)(4) (1988). *Id.* at 452. The history and structure of the guideline thus support the unambiguous language imposing a "strict liability" enhancement if the gun possessed by a convicted felon is stolen. *See also Schnell*, 982 F.2d at 220.

**3.** Goodell argues that "external indicia" that a gun is stolen should be required for the sentencing enhancement. *See, e.g., United States v. O'Mara*, 963 F.2d 1288, 1291 (9th Cir.1992) ("external indicia" on a firearm indicating that it is subject to regulation necessary to uphold a conviction for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d)). However, requiring "external indicia" on a firearm that indicates its need to be registered protects persons who might otherwise believe they have engaged in innocent conduct. In contrast, it is not legal for a convicted felon to possess a firearm, whether or not it is stolen.

2411, 91 L.Ed.2d 67 (1986). There, the Supreme Court held that a sentencing enhancement factor may not (1) alter the maximum penalty available for the crime committed, (2) negate the presumption of innocence or relieve the prosecution's burden of proving guilt, or (3) create a separate offense calling for a separate penalty. *Id.* 477 U.S. at 87–88, 106 S.Ct. at 2416–17.

Here, the enhancement for a stolen weapon does not alter the statutory maximum penalty of ten years. *Mobley,* 956 F.2d at 456. Although the Guideline range is increased, only the alteration of the *statutory* maximum implicates due process. *See United States v. Restrepo,* 946 F.2d 654, 657 n. 4 (9th Cir.1991) (en banc) ("we believe that the Supreme Court's reasons for focusing on the statutory maximum as a fixed limit that must not be violated during sentencing do not change even in the context of the Guidelines, where the sentence is largely predetermined by the sentencing factors."), *cert. denied,* —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992).

Nor does § 2K2.1(b)(2) negate the presumption of innocence or the burden of proof as to the underlying violation of § 922(g). *Mobley,* 956 F.2d at 456.

Finally, the enhancement does not create a separate offense calling for a separate penalty. To resolve this question in *McMillan,* the Supreme Court inquired whether the enhancement has a disproportionate impact on the sentence, so that it was "really" an element of the offense for which the defendant is being punished. *McMillan,* 477 U.S. at 88, 106 S.Ct. at 2417. The Court rejected McMillan's claim that a sentencing enhancement to a mandatory five year minimum for visible possession of a firearm during the commission of a crime

violated due process. *Id.* at 91, 106 S.Ct. at 2418. The Court contrasted its holding in *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), in which a defendant convicted of a crime carrying a ten year maximum could be sentenced to life if the sentencing judge found that the defendant posed "a threat of bodily harm to members of the public, or is an habitual offender and mentally ill." *Id.* at 88, 106 S.Ct. at 2417 (quoting *Specht,* 386 U.S. at 607, 87 S.Ct. at 1211). The defendant in *Specht* was confronted with " 'a radically different situation' from the usual sentencing proceeding." *Id.,* 477 U.S. at 89, 106 S.Ct. at 2418. In *McMillan,* on the other hand, although the "finding of visible possession of a firearm . . . 'ups the ante' for a defendant, . . . it does so only . . . by raising the minimum sentence that may be imposed by the trial court." *Id.*

The Court rejected the argument that the prosecution in *McMillan* was "restructuring existing crimes" in order to evade its burden of proving the elements of a crime beyond a reasonable doubt. *Id.* Because the elements of the offense *actually charged*[4] had remained the same, and the enhancement "simply took one factor that has always been considered by sentencing courts to bear on punishment—the instrumentality used in committing a violent felony—and dictated the precise weight to be given that factor if the instrumentality is a firearm," *Id.* at 89–90, 106 S.Ct. at 2418, there was no due process violation.

The Supreme Court's analysis in *McMillan* dictates that Goodell's claim must be rejected. The Sentencing Guidelines' enhancement for a stolen weapon also did not present Goodell with a "radically different situation" at sentencing; the two point enhancement raised Goodell's sentencing range from 8–14 months to 12–18 months.

---

**4.** Goodell argues that allowing an enhancement for possession of a stolen firearm results in a sentence equal to that resulting from a conviction of felon in possession of a *stolen* firearm, in violation of 18 U.S.C. § 922(i), and thus relieves the prosecution's burden of proving a violation of § 922(i). This argument misses the point: Goodell was charged with a violation of § 922(g), not § 922(i). Goodell has not argued that his constitutional rights were violated by

the prosecution's decision to charge him with § 922(g).

Moreover, § 922(i) forbids interstate shipment by *anyone* of a firearm that is known to be stolen, not just shipment by a felon. In that circumstance, it makes sense to make knowledge an element of the crime where shipment of the firearm is otherwise legal. In Goodell's case, the possession of *any* firearm was illegal.

*See Restrepo,* 946 F.2d 654, 660 (the amount of drugs involved in dismissed counts can be counted as "relevant conduct" consistent with due process, because it did not "drastically affect the length of [the] sentence"). Further, a stolen firearm "tended to result in more severe sentences" in pre-Guideline cases. U.S.S.G. § 2K2.2, comment. (backg'd.). Like in *McMillan,* the enhancement here "simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise weight to be given that factor." *McMillan,* 477 U.S. at 89–90, 106 S.Ct. at 2418.

## CONCLUSION

The "strict liability" enhancement pursuant to U.S.S.G. § 2K2.1(b)(2) (1990) for possession of a stolen firearm does not violate due process. The language of the guideline enhancement is unambiguous that *mens rea* is not required, and the history of the enhancement and the structure of the Guidelines clearly establish that the Sentencing Commission intended to remove any scienter requirement. Furthermore, strict liability is rational as a regulatory measure designed to protect the public from convicted felons possessing stolen firearms, and reflects the greater culpability of an ex-felon possessing a stolen weapon.

Finally, the sentence enhancement meets the due process requirements set forth in *McMillan v. Pennsylvania,* 477 U.S. 79, 87–88, 106 S.Ct. 2411, 2416–17, 91 L.Ed.2d 67 (1986). The enhancement for a stolen weapon does not alter the maximum statutory penalty available for the crime charged, does not negate the presumption of innocence or relieve the prosecution's burden of proving guilt as to the crime charged, and does not create a separate offense calling for a separate penalty.

AFFIRMED.