48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Darnell FORD, Defendant-Appellant.
 No. 94-10392.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Darnell Ford appeals his conviction and sentence following entry of a conditional guilty plea to being a felon in possession of a firearm. Ford argues that the police lacked probable cause to arrest him, and therefore the gun found during the search incident to his arrest should have been suppressed. Ford also argues that the district court used unreliable hearsay evidence to adjust his sentence for possession of a stolen gun. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Ford first argues that the police lacked probable cause to arrest him for attempting to purchase cocaine. Ford argues that he never agreed to buy the cocaine because he demanded to check the quality first and that he abandoned the deal when the parties could not agree on a location to make the exchange.
 
 
 4
 We review de novo a district court's determination that an arrest was supported by probable cause. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir.1988). "The government bears the burden to show that a warrantless seizure does not violate the Fourth Amendment." Id. "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." Id. at 1296.
 
 
 5
 Jorge Ballines, a confidential informant, was at the police station meeting with Detective Alex Flores when Ford paged Ballines. Ballines told Ford that his partner had three kilograms of good quality cocaine to sell. Ford stated that he had the money and arranged to meet Ballines, but because Ford was afraid the police were involved he told Ballines not to bring the drugs.
 
 
 6
 Ford met with Ballines and Flores, during which time Ford reassured Flores that he wanted to buy the cocaine. Flores stated that the price was $51,000 and Ford said that money was no problem. Ford showed Flores a four-inch bundle of cash.
 
 
 7
 Ford wanted to see the cocaine to check the quality. But Ford wanted to proceed cautiously because he suspected police surveillance, so the parties had difficulty agreeing on a safe location to exchange the drugs and money. When Flores suggested they cancel the deal because they could not agree on a location, Ford disagreed. Flores then told Ford to call Ballines with a mutually agreeable meeting place. Police officers arrested Ford as he left the parking lot.
 
 
 8
 We conclude that these facts established probable cause to arrest Ford for attempted possession of cocaine. See United States v. Tarazon, 989 F.2d 1045, 1049 (9th Cir.) (probable cause to arrest existed when informant arranged drug deal, defendant agreed to buy one-half kilogram of cocaine, defendant met with informant to negotiate price, and defendant showed cocaine to informant), cert. denied, 114 S.Ct. 155 (1993). Ford's intent to purchase the cocaine was evident from his own statements and he took substantial steps by arranging to meet and arriving with a roll of cash. See United States v. Puerta, 982 F.2d 1297, 1300 (9th Cir.1992) (police had probable cause to arrest defendant for attempt to defraud when defendant's actions showed his intent to commit the crime); cf. United States v. Davis, 960 F.2d 820, 826-27 (9th Cir.) (defendant took a substantial step to complete drug transaction by appearing at meeting with purchase money), cert. denied, 113 S.Ct. 210 (1992). We disagree with Ford's characterization that he abandoned the deal because Ford clearly intended to buy the cocaine; the only wrinkle was agreeing on a safe place. Cf. United States v. Runco, 873 F.2d 1230, 1232 (9th Cir.1989) (defendant had not abandoned intent to purchase cocaine when he agreed to buy 20 kilograms of cocaine, showed the money, and his own statements showed his intent to complete the deal).
 
 
 9
 Ford also argues that the district court erred by adjusting his base offense level by two for possessing a stolen gun pursuant to U.S.S.G. Sec. 2K2.1(b)(4).
 
 
 10
 Although the district court may rely on hearsay evidence to establish sentencing facts by a preponderance of the evidence, the evidence must have some indicia of reliability. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994).
 
 
 11
 Here, the district court relied on the presentence report's statement that investigating officers determined that the pistol had been stolen in a residential burglary in rural Fresno County in November 1991. This evidence was sufficiently reliable to determine that the gun was stolen. See id.
 
 
 12
 Moreover, it is not necessary that the defendant know or have reason to believe that the firearm was stolen for the enhancement to apply. U.S.S.G. Sec. 2K2.1, comment. (n. 19); United States v. Goodall, 990 F.2d 497, 498 (9th Cir.1993). But here, Ford told the probation officer that he had bought the gun "on the street" and knew most of the guns sold on the street were stolen.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, we deny Ford's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3