133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lewis SIMS, Defendant-Appellant.
 No. 96-30274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Lewis Sims appeals his 120-month sentence imposed following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines and we review for clear error its factual findings in the sentencing phase. See United States v. Polanco, 93 F.3d 555, 564 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996).
 
 A. Section 2K2.1(b)(5) Enhancement
 
 4
 Sims contends that the district court erred by imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing a firearm in connection with another felony, because the government failed to establish the commission of "another felony offense."
 
 
 5
 At sentencing, a report made by Sims's brother, Foster, was read for the court. Foster stated that Sims told him that "a bunch of guys tried to jack him," and "he had something for them if they tried again." Foster also stated that the morning of the shooting, he saw Sims sitting in his car next to a long, black military rifle and Sims told him that "he was going to get those fools." Given this, the district court's finding that Sims bought the gun with the intent to assault Russell was not clear error. See Polanco, 93 F.3d at 564.
 
 
 6
 Sims contention that the distract court improperly relied on the victim's self-serving hearsay statements to support the enhancement lacks merit.
 
 
 7
 The district court did not demonstrably rely upon the victim's statements, but rather based its findings on Foster's report. Accordingly, Sims has failed to show that the district court abused its discretion. See United States v. Chee, 110 F.3d 1489, 1493 (9th Cir.1997).
 
 B. Section 2K2.1(b)(4) Enhancement
 
 8
 Sims contends that the district: court erred by imposing a two-level enhancement under U.S.S.G § 2K2.1(b)(4) on the basis that the firearm was stolen from the United States Army during the Vietnam War. Sims disputes the characterization of the gun as stolen, arguing that it was converted.
 
 
 9
 Section 2K2.1(b)(4) requires district courts to increase the base offense level by two point, if the offense involved a firearm that was stolen, or had an altered or obliterated serial number. See U.S.S.G. § 2K2.1(b)(4) (1995). It is not necessary that the defendant know or have reason to believe that the firearm was stolen for the enhancement to apply. See United States v. Goodell, 990 F.2d 497, 498 (9th Cir.1993).
 
 
 10
 A: sentencing, Special Agent Silva testified that the firearm used by Sims was issued to a naval officer during the Vietnam War. Silva stated that the military did not sell or release these kinds of weapons to the public, but rather destroyed them. The district court found Silva to be credible and concluded that the gun in question was in fact stolen. The district court's factual findings about the firearm are not clearly erroneous. See Polanco, 93 F.3d at 564.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3