UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                          No. 02-4044

FRANK ROLLINS,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-00-267)

Submitted: July 23, 2002

Decided: September 27, 2002

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Melisa W. Gay, Mt. Pleasant, South Carolina, for Appellant. J. Strom
Thurmond, Jr., United States Attorney, Derk Van Raalte, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frank Rollins pled guilty to a superseding criminal information charging him with possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1) (2000). Rollins, sentenced to 188-months' incarceration followed by three years' supervised release, challenges several facets of his sentencing. Rollins' arguments on appeal focus on whether the district court properly concluded he qualified for sentencing under the Armed Career Criminal Act of 1984, as amended, 18 U.S.C. § 924(e) (2000) ("ACCA"), and whether the district court erred in resolving his two factual objections to the presentence report ("PSR"). For the following reasons, we affirm.

Rollins' contention that he does not qualify for sentencing under the ACCA is meritless. Rollins' PSR identifies four qualifying convictions, including two convictions for housebreaking involving businesses. While Rollins argues these two convictions are not "crimes of violence" under § 924(e), the Supreme Court has found that a burglary is a qualifying crime of violence and encompasses any "unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Because the elements of housebreaking satisfy this definition, *see State v. Miller*, 337 S.E.2d 883, 885 (S.C. 1985), *overruled on other grounds by State v. Creech*, 441 S.E.2d 635 (S.C. Ct. App. 1993), Rollins was properly eligible for sentencing as an armed career criminal.

Based on Rollins' eligibility for sentencing under the ACCA, we find his remaining objections to be meritless. Rollins' 188-month sentence is less than the ACCA's statutory maximum sentence of life imprisonment. *See United States v. Myers*, 280 F.3d 407, 416 (4th Cir.), *petition for cert. filed*, ___ U.S.L.W. ___, (U.S. June 3, 2002) (No. 01-10603). As a result, the district court's sentencing calculations do not implicate *Apprendi v. New Jersey*. *See United States v. Kinter*, 235 F.3d 192, 198-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Likewise, Rollins' objection to the application of the two-level offense level enhancement of § 2K2.1(b)(4) is meritless, as that provi-

sion applies even if Rollins was unaware the firearm he pled guilty to possessing was stolen. *See* § 2K2.1, comment. (n.19); *see also United States v. Murphy*, 96 F.3d 846, 849 (6th Cir. 1996) (holding lack of *mens rea* requirement in § 2K2.1(b)(4) does not violate Due Process).

Finally, Rollins' factual objections to his presentence report ("PSR") are without merit. Rollins' challenge to the PSR's characterization of the individual shot during his possession of the firearm in question as "the victim" is misplaced. Because it is undisputed an individual was shot during Rollins' possession of the firearm in question, the characterization of that individual as a victim is immaterial. Moreover, the district court explicitly stated it would not be influenced by this characterization in imposing Rollins' sentence and sentenced Rollins at the bottom of the guidelines range.

Neither is the district court's decision to allow reference in the PSR to an expert's opinion (that the firearm in question could not discharge by accident) inherently erroneous. The district court found the expert qualified to provide the opinion, and Rollins failed to either challenge those qualifications or proffer any evidence contradicting that opinion.

To the extent the district court may have erred in not identifying the felony that Rollins' possession of the firearm facilitated in order to support an enhancement under § 4B1.4(b)(3)(A), or in not inquiring further into the circumstances of that possession in order to support that enhancement, *see United States v. Samuels*, 970 F.2d 1312, 1316 (4th Cir. 1992), we find no plain error.* In order to demonstrate plain error, Rollins would have to show that the error was prejudicial. *See United States v. Strickland*, 245 F.3d 368, 376 (4th Cir.), *cert. denied*, 122 S. Ct. 213 (2001). Because we conclude this error would not affect Rollins' 188-month sentence, we find no plain error.

Accordingly, because the district court properly concluded Rollins was eligible for sentencing under the ACCA and that Rollins' related

---

*Because Rollins did not assert this issue at sentencing or on appeal, we review this issue for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994).

objections are meritless, we affirm Rollins' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*