**UNITED STATES, Plaintiff–Appellee,**

v.

**Gregory Scott BURNS, Defendant– Appellant.**

No. 03–1437.

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2004.

Before KRUPANSKY and GILMAN, Circuit Judges; and MAYS, District Judge.*

OPINION

MAYS, District Judge.

Defendant-appellant Gregory Scott Burns pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court applied United States Sentencing Guideline § 2K2.1(b)(4), which provides for a two-level enhancement if the firearm at issue was stolen or had an altered or obliterated serial number. Burns has acknowledged that the gun was stolen, but he argues that the enhancement should not be applied to his case because he did not know the gun was stolen at the time of the offense. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

\* The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District

## I. BACKGROUND

On September 25, 2002, an indictment was returned against Burns charging him with a violation of 18 U.S.C. § 922(g)(1). On November 22, 2002, Burns pled guilty. The offense occurred on August 25, 2002, in Grand Rapids, Michigan. Burns and several other men had been drinking. They began to argue, and Burns went into a house and returned with a shotgun. According to witnesses, Burns brought the gun out "and brandished it toward" one of the men with whom he had been arguing. Burns then took the gun back inside, placing it inside the front door of the house. The individuals who had been arguing then drove away in a maroon car. Officers were summoned, and the maroon car returned. Witnesses identified Burns as the individual who had brandished the shotgun. Police arrested Burns and recovered the gun, which was found to be loaded.

On April 2, 2003, the district court conducted a sentencing hearing. The court asked Burns's counsel whether the firearm was stolen, and Burns's counsel, Robert Mirque, responded, "I have been led to believe that it was stolen, Your Honor." The court asked, "Do you know that to be the case?" Mirque stated, "I don't know for a fact. I had no—I got the presentence report which makes a blanket allegation that it was stolen, but I have no evidence that the prosecution has given me to establish that and support that fact." The prosecution then provided a police report describing a burglary in which the shotgun at issue had been stolen. Burns's attorney raised no objection to the consideration of that document, and the court found as a matter of fact that the gun had been stolen.

of Tennessee, sitting by designation.

Burns's counsel argued at the sentencing hearing that the two-level sentencing enhancement found in § 2K2.1(b)(4) for possession of a stolen firearm was inapplicable to Burns because he did not know at the time of the offense that the gun was stolen. The court rejected Burns's argument, citing Note 19 of § 2K2.1(b)(4), which states that the enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen...." The court stated that "it's well established that the application notes themselves are law and are to be followed." The court also stated that the enhancement is

> rationally related to [the] legitimate governmental goal of crime prevention. And stolen firearms and those with obliterated serial numbers are firearms that would be much more likely to be used in other crimes. A registered firearm with no obliterated serial number and honestly purchased or possessed by a person is quite a different situation than a firearm which people are trying to hide because it's been stolen or with the serial number obliterated so it can't be traced. And, so, those are the firearms, I think, that the sentencing commission is looking at, and it is certainly a rational basis for the two-point enhancement.
>
> But your arguments in that regard are preserved, but I think the law is very, very well established. And the Sixth Circuit can make a different decision, obviously. But, in my judgment, they'd have to fly in the face of the sentencing law, the sentencing guidelines, and the application note.

Burns's total offense level was 19 and his criminal history category was IV. The guideline range was 46 to 57 months,[1] and

the court sentenced Burns to a sentence of 48 months' imprisonment. Burns filed a timely notice of appeal on April 4, 2003. In his appeal, he argues that the application of § 2K2.1(b)(4) is unconstitutional. The district court had jurisdiction under 18 U.S.C. § 3231, and this court has jurisdiction under 18 U.S.C. § 3742(a).

In his appellate brief, Burns acknowledges that "[t]he shotgun was in fact stolen" and that "[t]here is no dispute that the gun which the Defendant had in his possession was stolen." (Appellant's Brief at 9, 20.) At oral argument, however, he sought to raise an additional issue in view of the recently-decided case of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In *Blakely*, the Supreme Court held unconstitutional a sentencing scheme under which a state court imposed a sentence exceeding the statutory maximum on the basis of facts that were neither admitted by the petitioner nor found by a jury.

## II. ANALYSIS

### A. *The lack of a* mens rea *requirement in Section 2K2.1(b)(4) is not unconstitutional.*

Section 2K2.1(b)(4) provides a two-level enhancement for an offense involving a stolen firearm. The accompanying commentary states that the enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1(b)(4), comment (n.19). That is, § 2K2.1(b)(4) lacks a *mens rea* requirement. It has been described as a "strict liability" sentencing enhancement. *United States v. Murphy*, 96 F.3d 846, 849 (6th Cir.1996); *United States v. Wellmaker*, 1996 WL 723334

---

1. Had Burns's sentence been based on a base offense level of 17, his guideline range would have been 37 to 46 months.

(10th Cir. Dec.17, 1996). Burns' first argument is that § 2K2.1(b)(4) is unconstitutional when applied in a case where the defendant lacks *mens rea.*

■ This court has observed the "well-settled principle that '[a] statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety.' " *Murphy,* 96 F.3d at 849 (quoting *United States v. Goodell,* 990 F.2d 497, 499 (9th Cir.1993)). Discussing an earlier version of § 2K2.1(b)(4), the *Goodell* court stated that

> [t]he strict liability enhancement for possession of a stolen firearm is rationally related to the legitimate governmental goal of crime prevention: § 2K2.1(b)(2) was promulgated on the premise that "stolen firearms are used disproportionately in the commission of crimes." Further, an ex-felon who obtains a stolen firearm is more culpable than one who legally obtains a firearm. The omission of a *mens rea* requirement for the stolen gun sentencing enhancement under §§ 2K2.1(b)(2) does not violate due process.

990 F.2d at 499 (citations omitted). The *Murphy* court agreed that § 2K2.1(b)(4) was rationally related to the goal of crime prevention and upheld its application where the defendant did not know the gun was stolen. 96 F.3d at 849. Burns's first argument, therefore, has previously been rejected by this court.

Second, he argues that, because Congress has already enacted two provisions, 18 U.S.C. § 922(i) and (j),[2] criminalizing possession of a stolen firearm, the increased penalty in § 2K2.1(b)(4) is "redundant and serves no purpose in furthering the goal of sentencing guidelines." (Appellant's Brief at 10.) He argues that § 2K2.1(b)(4) allows the government to impose a higher sentence without having to satisfy the evidentiary burden it would have to meet if it proceeded under 18 U.S.C. § 922(i) or (j). He states, "[t]here is no rational basis for the application of strict liability for the stolen gun provision." (*Id.*) Burns cites the dissenting opinion in the Third Circuit case *United States v. Mobley,* in which Judge Mansmann stated that § 2K2.1(b)(2) "operate[s] to relieve the government both from proving criminal intent and also from meeting a sufficient burden of proof" and violates defendants' due process rights. 956 F.2d 450, 459 (3d Cir.1992) (Mansmann, J., dissenting).

The *Mobley* majority, however, soundly rejected the defendant's arguments, stating that the defendant was engaged in "constitutional wishful thinking" and ignoring the fundamental distinction between conviction and sentencing. *Id.* at 454–55. This court, as noted, has also held that criminal liability can attach without *mens rea* "consistent with due process if it is a regulatory measure in the interest of public safety." *Murphy,* 96 F.3d at 849. With respect to § 2K2.1(b)(4), the public safety requirement is met because "the strict liability enhancement for possession

**2.** Each of those sections includes a *mens rea* requirement. They provide:

> (i) It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

> (j) It shall be unlawful for any person to receive, possess ... or dispose of any stolen firearm or stolen ammunition ... which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C.A. § 922(i) and (j).

of a stolen firearm is rationally related to the legitimate goal of crime prevention." *Id.* (quoting *Goodell,* 990 F.2d at 499); *United States v. Corbin,* 76 Fed.Appx. 58, 60 (6th Cir.2003) (unpublished) (noting that stolen firearms are used disproportionately in crimes).

This circuit and every other circuit to have considered the issue have also concluded that the lack of a *mens rea* requirement in § 2K2.1(b)(4) comports with constitutional requirements. *Murphy,* 96 F.3d at 849; *United States v. Martinez,* 339 F.3d 759, 762 (8th Cir.2003); *United States v. Rollins,* 47 Fed.Appx. 236 (4th Cir.2002); *United States v. Griffiths,* 41 F.3d 844, 845–46 (2d Cir.1994), *United States v. Richardson,* 8 F.3d 769, 770 (11th Cir.1993); *United States v. Sanders,* 990 F.2d 582, 584 (10th Cir.1993), *overruled on other grounds by United States v. Gomez–Arrellano,* 5 F.3d 464, 466–67 (10th Cir. 1993); *Goodell,* 990 F.2d at 499; *United States v. Schnell,* 982 F.2d 216, 219 (7th Cir.1992); *Mobley,* 956 F.2d at 452, 459; *United States v. Singleton,* 946 F.2d 23, 27 (5th Cir.1991); *United States v. Taylor,* 937 F.2d 676, 682 (D.C.Cir.1991). The enhancement "does not alter the statutory maximum penalty, negate the presumption of innocence or alter the burden of proof for the underlying offense." *Goodell,* 990 F.2d at 499–500. "Further, the government has a legitimate interest in punishing possession of a stolen firearm and placing the burden upon one who receives a firearm to ensure that the possession is lawful." *Griffiths,* 41 F.3d at 845 (citation omitted). We therefore reject Burns's second argument.

Burns's third argument is that "[t]he stolen gun in this case has no nexus with the underlying offense" and that increasing his sentence because of it is therefore improper. (Appellant's Brief at 10–11, 18–19.) Burns acknowledges that the Sen-

tencing Commission is authorized to promulgate measures providing incremental penalties for conduct committed in the same course of conduct as the offense for which the defendant was convicted. (*Id.* at 10, 18.) He "concedes that this circuit has repeatedly affirmed sentencing of conduct which had not been charged." (*Id.* at 18.) Burns argues, however, that "[t]he fact that the Defendant in his drunken condition, picked up a firearm that was stolen, does not make the status of the gun a part of the same course of conduct." (*Id.* at 19.) He states that there is no nexus between the stolen gun and the crime of felon in possession of a firearm. (*Id.*) Burns cites no authority for the proposition that a felon-in-possession charge is not connected to the characteristics of the gun possessed, and that argument is also rejected.

**B.  *The district court did not err by applying § 2K2.1(b)(4) without considering the "relevant conduct" provisions of U.S.S.G. § 1B1.3***

Burns's next argument is that the district court should have considered additional factors before applying § 2K2.1(b)(4), such as those set forth in U.S.S.G. § 1B1.3(a)(1)(B). That section provides that a court determining the offense level "in the case of a jointly undertaken criminal activity" should consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Burns asserts that the district court should have considered whether the gun in his case was stolen in furtherance of the underlying offense, in preparation for the offense, or in an attempt to avoid

detection or responsibility for the offense. (Appellant's Brief at 21–22.)

In support of that argument, Burns cites *United States v. Roxborough*, 99 F.3d 212 (6th Cir.1996). In *Roxborough*, unlike the present case, the defendant was involved in "jointly undertaken criminal activity" as defined by § 1B1.3. *Roxborough*, 99 F.3d at 215 n. 5. The defendant, a licensed firearm dealer, was convicted of dealing in firearms away from his licensed premises in violation of 18 U.S.C. § 922(c). *Id.* at 213. His offense level was increased under § 2K2.1(b)(4), which also provides for a two-level increase where the serial numbers of the firearms at issue have been obliterated. *Id.* Note 19 states that the enhancement applies regardless of whether the defendant knew that the serial number was altered. The firearms in *Roxborough* had obliterated serial numbers when the firearms were obtained by the government. *Id.* The government could not establish, however, that the serial numbers had been obliterated by Roxborough or that the serial numbers were obliterated when he sold the firearms. *Id.* at 214. A panel of this court vacated the § 2K2.1(b)(4) enhancement, stating: "[W]e have found nothing that persuades us that the § 2K2.1(b)(4) enhancement is, as the district court held, to be imposed by way of strict, or virtually strict, liability. In our view, if the enhancement is to be imposed at all, it must be imposed in accordance with the 'relevant conduct' provisions of the Sentencing Guidelines." The *Roxborough* opinion, issued approximately six weeks after the *Murphy* opinion, does not mention *Murphy* or any of the other authorities cited above.

*Roxborough* appears to conflict with *Murphy*, which clearly held that § 2K2.1(b)(4) could be applied as a strict liability provision, without a showing of *mens rea* or consideration of the § 1B1.3(a)(1)(A) factors. To the extent that *Roxborough* conflicts with the earlier-decided *Murphy*, we are not constrained to follow it. It is well-established that one panel of this court cannot overrule another panel, absent intervening Supreme Court precedent or an en banc rehearing. *Timmer v. Mich. Dept. of Commerce*, 104 F.3d 833, 839 (6th Cir.1997); *Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.").

Additionally, *Roxborough* is distinguishable from this case in two ways. First, it involved "jointly undertaken criminal activity," defined as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. § 1B1.3(a)(1)(B). By its plain language, § 1B1.3(a)(1)(B) is to be applied in cases that involve "jointly undertaken criminal activity." This case does not. Second, the court considered it important that the government could not prove that the guns' serial numbers were obliterated at the time of the offense. *Roxborough*, 99 F.3d at 214 (stating that there was "no evidence at sentencing either that Roxborough had obliterated the serial numbers or that the firearms had obliterated serial numbers *at the time that he sold them*") (emphasis in original). In this case, there is no dispute that the gun was a stolen firearm at the time of the offense.

Finally, it appears that the "relevant conduct" factors would make little sense when applied to this case. Burns argues that the district court should have considered whether the gun in his case was

stolen in furtherance of the underlying offense, in preparation for the offense, or in an attempt to avoid detection or responsibility for the offense. Because the offense was possessing the gun itself, the facts do not easily adapt to such inquiries. There is no allegation that Burns himself stole the gun, but "Section 2K2.1(b)(4) applies whether defendant stole the gun or someone else did." *United States v. Sanders*, 162 F.3d 396, 404 (6th Cir.1998) (Kennedy, J., concurring in part and dissenting in part). For all of those reasons, we reject Burns's *Roxborough* argument. The district court's application of § 2K2.1(b)(4) was consistent with Sixth Circuit precedent.

## C. Blakely v. Washington

■ During oral argument, Burns's counsel suggested that the Supreme Court's decision in *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), mandates that Burns's sentence be vacated. *Blakely*, however, is not implicated in this case because of Burns's own admissions. As noted, Burns stated in his brief that "[t]he shotgun was in fact stolen" and that "[t]here is no dispute that the gun which the Defendant had in his possession was stolen." (Appellant's Brief at 9, 20.) We have discretion to consider a statement made in a brief to be a judicial admission, binding on both this court and the trial court. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir.2003); *Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir.1995); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."); *Clark v. Robert W. Baird Co., Inc.*, 152 F.Supp.2d 1040, 1045 (N.D.Ill.2001).

In this circuit, "[i]n order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous." *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir.1997) (citing *Oscanyan v. Arms Co.*, 103 U.S. 261, 263, 26 L.Ed. 539 (1880)). We find that the statements made in Burns's appellate brief that "the shotgun was in fact stolen" and "[t]here is no dispute that the gun ... was stolen" rise to the level of "deliberate, clear, and unambiguous." Although Burns's attorney stated at oral argument that his client would not wish to be bound after *Blakely* was issued by the admissions in the brief, he did not assert that the statements were erroneous or that the gun had not been, in fact, stolen. Because Burns has already admitted that the firearm in question was stolen, a remand would serve no useful purpose. Even assuming that *Blakely* applies to the Sentencing Guidelines and prohibits enhancements above the guideline maximum unless based on facts found by a jury or admitted by the defendant, the district court could properly sentence Burns to forty-eight months' imprisonment, basing its enhancement on the admission he has made. It is therefore unnecessary to remand this case based on a perceived *Blakely* problem.

## III. CONCLUSION

The judgment of the district court is **AFFIRMED** on the basis of that court's opinion as supplemented by the reasons set forth above.