**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ervan Ronell HERRING, Defendant— Appellant.**

No. 04–30039.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2005.*

Decided May 17, 2005.

---

Norman McIntosh Barbosa, Esq., Ilene J.K. Miller, USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff—Appellee.

Peter A. Camiel, Esq., Mair & Camiel, Seattle, WA, for Defendant—Appellant.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

A jury found Herring guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Herring appeals from the district court's judgment of conviction and imposition of a sentence. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. In this memorandum disposition, we affirm Herring's conviction. We will address Herring's challenges to his sentence in a future disposition.

■ "We review de novo whether the jury instructions accurately define the elements of a statutory offense and whether the jury instructions adequately cover a defendant's proffered defense. We review for abuse of discretion the district court's ultimate formulation of the instructions." *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir.2000) (citations omitted). "Whether the required factual foundation exists to support a requested jury instruction is reviewed for an abuse of discretion." *United States v. Carrasco*, 257 F.3d 1045, 1050 (9th Cir.2001).

Herring contends the "constructive possession" instruction was improper because, he asserts, it permitted the jury to convict if it merely found that he knew of the gun's presence and had the ability to control it. *See United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (where premises are shared by more than one person, a party has constructive possession if he "has knowledge of the weapon and *both the*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*power and the intention* to exercise dominion and control over it" (emphasis added)). The instruction here provided that the "government would have to prove *both that the defendant knew of the gun's presence and had the power and intention to control the gun.*" The instruction itself shows Herring's argument is wrong.

Herring also argues that the instruction should have used the phrase "dominion and control over the gun" rather than "power and intention to control the gun." But, in *Terry*, we cited with approval a model instruction that also did not use the phrase "dominion and control." *See id.* at 279–80. The district court did not abuse its discretion in not using the phrase "dominion and control over the gun."

■ Herring next contends that the district court abused its discretion in finding a sufficient factual basis to instruct the jury that "[m]ore than one person can be in possession of something if each knows of its presence and each has the power and intention to control it." It was "[d]efense counsel [who] presented the evidence and argument justifying the joint possession instruction," *Carrasco*, 257 F.3d at 1050, when he introduced evidence that Harpchak had abusive ex-boyfriends and argued that Harpchak obtained the gun to protect herself. This, in connection with the evidence that Herring said that Harpchak owned the gun, could support a rational inference that even if Harpchak brought the gun into the car and "possessed" it, Herring also knew of its presence and had "the power and intention" to take or hide it. The district court did not abuse its discretion in finding a sufficient factual basis to "inform the jury that possession by one person does not necessarily preclude possession by another." *Id.*

■ Herring contends that his conviction is not supported by sufficient evidence. *See Jackson v. Virginia*, 443 U.S.

307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When, as here, a defendant fails to move for acquittal at the close of the evidence, "the review is deferential, requiring reversal only upon plain error or to prevent a manifest injustice." *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). Further, "[t]he uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face." *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir.1986).

Harpchak testified that as she was stopping, Herring "pulled out a gun and turned toward me and said, here. Can you take this. He said, I cannot get caught with this.... He told me to take it and say that I had a stalker." This supports the theory that Herring had actual possession of the gun. Harpchak's testimony was not "incredible or unsubstantial on its face." Moreover, Herring "presented extensive evidence impeaching [Harpchak]. The jury was aware of the challenges to [Harpchak's] credibility; nevertheless, it believed [her]. That was its proper prerogative." *Id.*

Harpchak's testimony was corroborated in that it was consistent with Evans' testimony that Herring told him that Herring took the gun into the car. Although Herring argues this testimony should not have been believed, "the credibility of witnesses is a question for the jury unreviewable on appeal." *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999). Moreover, the jury heard the attacks on Evans' credibility during cross-examination, and was even instructed to "examine [Evans'] testimony with greater caution than that of other witnesses," but it nonetheless found Herring guilty. The evidence was sufficient to support a conviction on an actual possession theory.

■ The evidence was also sufficient to support a constructive possession theory.

Three officers testified that they observed Herring leaning in the direction of the driver. Even accepting Herring's theory that Harpchak owned the gun and brought it into the car, there was evidence that Herring knew of the gun's existence. The jury rationally could have found that Herring knew the gun was under the driver's seat and had the "power and intention" to hide or take it.

Sufficient evidence supports the conviction on both an actual or constructive possession theory. A jury determining that sufficient evidence existed would not constitute plain error or manifest injustice requiring reversal.

The district court's judgment of conviction is AFFIRMED. We hold the mandate pending our filing of a separate memorandum disposition addressing Herring's challenge to his sentence.***

---

*** No petition for rehearing or rehearing en banc should be filed and none will be considered until we file a separate memorandum addressing Herring's challenge to his sentence.