**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ervan Ronell HERRING, Defendant—**
**Appellant.**

No. 04–30039.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2005.*

Decided July 15, 2005.

Fed. R.App. P. 34(a)(2).

Norman McIntosh Barbosa, Esq., Ilene JK Miller, USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff—Appellee.

Peter A. Camiel, Esq., Mair & Camiel, Seattle, WA, for Defendant—Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## SUPPLEMENTAL MEMORANDUM **

We previously affirmed Herring's conviction of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). *See United States v. Herring,* 133 Fed.Appx. 385 (9th Cir.2005). We now address his challenges to his sentence. We affirm in part and remand in part. We review both the interpretation and the constitutionality of a Sentencing Guideline de novo. *United States v. Leasure,* 319 F.3d 1092, 1096 (9th Cir.2003).

Herring's sentence was enhanced pursuant to U.S.S.G. § 2K2.1(b)(4), which provides that "[i]f any firearm was stolen, or had an altered or obliterated serial number, increase by 2 levels." Since Herring does not dispute that the gun was in fact stolen, the enhancement by its terms applies whether or not he knew that fact. *See* U.S.S.G. § 2K2.1 cmt. n. 16 ("The enhancement under subsection (b)(4) for a stolen firearm or a firearm with an altered or obliterated serial number applies whether or not the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number.").

■ Nonetheless, Herring raises several challenges to the district court's application of the stolen gun enhancement. First, he contends that due process prohibits the application of the enhancement because there was no evidence that Herring knew the gun was stolen. However, as he concedes, we have already rejected that very argument. *See United States v. Goodell,* 990 F.2d 497, 499 (9th Cir.1993) ("The omission of a *mens rea* requirement for the stolen gun sentencing enhancement . . . does not violate due process.").

Second, Herring argues that the enhancement violates due process because it exposed him to a radically different situation at sentencing. This argument was also rejected in *Goodell. See id.* at 500 ("The Sentencing Guidelines' enhancement

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for a stolen weapon also did not present Goodell with a 'radically different situation' at sentencing...."). Herring contends, however, that this case is distinguishable from *Goodell* because the effect of the enhancement on Herring's sentence was greater than it was on the defendant's sentence in *Goodell.* In *Goodell,* the enhancement increased the defendant's sentencing range from 8–14 months to 12–18 months, *id.,* which is a 50% increase in the bottom end of the range and approximately 29% in the top end. Here, the enhancement increased Herring's sentencing range from 70–87 months to 84–105 months, which is an increase of 20% in the bottom end of the range and approximately 21% in the top end. Thus, the enhancement actually had a proportionally *lesser* effect here than it did in *Goodell.* Moreover, although the absolute increase in the potential sentence caused by the enhancement was greater here, it was not so great as to offend due process.

Third, Herring argues that *Goodell* is distinguishable because the jury instructions in his case permitted conviction under a "constructive possession" theory, pursuant to which he could be liable even if Harpchak obtained the gun and jointly possessed it with him in the car. We are not persuaded because (a) nothing in *Goodell* suggests that its holding is limited to cases in which the defendant "actually" possessed the gun; (b) Herring offers no persuasive reason why strict liability is permissible when the defendant actually possessed a stolen gun but not when he constructively possessed it; and (c) it is not even clear that the jury convicted Herring for constructive possession, since the government's principal theory at trial was that Herring actually possessed the gun and the instructions permitted conviction under that theory.

Fourth, Herring argues that the district court erred in failing to recognize that it had the discretion to depart downward to offset the "unfair application of the stolen gun enhancement." There is no evidence that the district court misapprehended its ability to depart downward. The district court's discretionary decision not to depart is not appealable. *See United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991) (per curiam).

Fifth, in supplemental briefing, Herring argues that the district court's application of the stolen gun enhancement violated the Sixth Amendment as interpreted in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because we cannot determine whether the district court would have imposed a materially different sentence if it had known the Guidelines were advisory, we grant a limited remand pursuant to *Ameline. See United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

**AFFIRMED IN PART, REMANDED IN PART.**