**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30244 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00322-TSZ-1 |
| v. | MEMORANDUM* |
| JAMES DAVID ALLEN, II, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted July 10, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

James David Allen, II, appeals the denial of his motion to suppress

statements, the denial of his motion to suppress evidence (which includes a request

for a *Franks* hearing), and the sentence imposed following his conditional guilty

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

plea to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 60 months in prison.

As to his statements, Allen argues that they followed the initial sweep of his home, which occurred while Allen was standing outside and which the government concedes was unconstitutional. The statements must therefore be suppressed, *United States v. Shetler*, 665 F.3d 1150, 1157-58 (9th Cir. 2011), and Allen may withdraw his conditional plea on remand.

As to the tangible evidence, Allen argues that it was seized pursuant to a warrant based on an affidavit that did not support probable case. We find that probable cause existed on the face of the affidavit, even with Allen's statements excised, because the witness upon whom the affidavit relied, Jessikah Ramsey, had first-hand knowledge of the illegal activity and her statements provided probable cause. *See United States v. Miller*, 753 F.2d 1475, 1480 (9th Cir. 1985).

We, however, grant Allen's request for a *Franks* hearing. He has properly alleged that the police knowingly or recklessly withheld material information from the affidavit that, if included, would sufficiently undermine Ramsey's reliability to vitiate probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Stanert*, 762 F.2d 775, 780-81 (9th Cir. 1985), *amended*, 769 F.2d 1410 (9th Cir. 1985). The record shows that the officer who prepared the affidavit, Betts, knew or

2

should have known that Ramsey's pending criminal charge for making false statements to the police was for falsely accusing Allen of criminal conduct; the record also shows that an officer, VanderWeyst, who supplied Betts with information regarding Ramsey for the affidavit was aware that Ramsey's false statements related to Allen. The officers also knew but omitted from the affidavit various inconsistencies in Ramsey's story: that she changed her story as to when gunshots were fired; that she was high on methamphetamine at the time of her interview; that she did not flee Allen's home fearing for her life; and that she hid a backpack filled with drug paraphernalia a short distance from Allen's home just before the police arrived. These omissions "suggest[] the possibility that [Ramsey] would lie to the police to frame an innocent man [here, Allen]" *United States v. Hall*, 113 F.3d 157, 160 (9th Cir. 1997), and that her most recent report regarding Allen was not reliable. We therefore remand for a *Franks* hearing.

As to sentencing, Allen argues that the enhancement for a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A), cannot be applied to him because he had no knowledge that the gun was stolen. The Sentencing Guidelines directly foreclose this argument. § 2K2.1 cmt. n.8 (explaining that the enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was

3

stolen"). Allen's corollary challenge based on the Due Process Clause was rejected in *United States v. Goodell*, 990 F.2d 497, 499-501 (9th Cir. 1993).

**REVERSED** in part, and **REMANDED** in part.