**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUSTEN CHRISTOPHER LEE NEWTON,

Defendant - Appellant.

No. 23-2576

D.C. No.
9:23-cr-00012-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted September 11, 2024[**]
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF, District Judge.[***]

Austen Newton appeals the sentence imposed following his guilty

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

plea to one count of prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We review de novo the district court's legal interpretation of the Sentencing Guidelines. *United States v. Scheu*, 83 F.4th 1124, 1126 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Newton argues that Guideline enhancement § 2K2.1(b)(4) requires proof of scienter. We agree with the district court that this argument is foreclosed by longstanding circuit precedent. *See United States v. Goodell*, 990 F.2d 497, 498-99 (9th Cir. 1993) (analyzing the text, purpose, and history of § 2K2.1(b)(4) and holding that it does not require scienter); *United States v. Prien-Pinto*, 917 F.3d 1155, 1161 (9th Cir. 2019) (reaffirming *Goodell*).

Newton argues that *Goodell* and *Prien-Pinto* are abrogated by *Kisor v. Wilkie*, 588 U.S. 558 (2019), an intervening decision of higher authority. *See Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc). In *Kisor*, the Supreme Court held that courts may not defer to an agency's interpretation of a regulation unless the regulation is genuinely ambiguous. *Kisor*, 588 U.S. at 575. *Kisor* applies to the deference afforded to the Sentencing Commission's commentary on the Guidelines. *United States v. Castillo*, 69 F.4th 648, 655 (9th Cir. 2023). But the text of § 2K2.1(b)(4) is unambiguous, and our interpretation has never been based on deference to the Sentencing Commission's commentary. *See Goodell*, 990 F.2d at 501 ("The language of the guideline enhancement is unambiguous[.]"); *Prien-*

*Pinto*, 917 F.3d at 1158 ("Through traditional techniques of construction, we had been reading this enhancement to apply without a mens rea for fourteen years before the Sentencing Commission began directing us to do so. Application Note 8(B) simply serves as confirmation that *Goodell*'s reading has always been the correct one.").

**AFFIRMED.**